**Reed E. SANFORD, Plaintiff and Appellee,**

v.

**Glenda L. SANFORD, Defendant and Appellant.**

**Civ. No. 9771.**

Supreme Court of North Dakota.

July 17, 1980.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for plaintiff and appellees; argued by Donald R. Hansen, Fargo.

Stefanson, Landberg & Alm, Moorhead, Minn., for defendant and appellant; argued by Randolph E. Stefanson, Moorhead, Minn.

ERICKSTAD, Chief Justice.

This case comes before us on the plaintiff's motion to dismiss the appeal pursuant to Rule 27 of the North Dakota Rules of Appellate Procedure. The motion to dismiss is denied.

The plaintiff, Reed E. Sanford, and the defendant, Glenda L. Sanford, were married in 1955. Irreconcilable differences arose between the parties and a judgment of divorce was entered in Cass County District Court on July 5, 1979. On July 19, 1979, Glenda moved to amend and supplement the district court's findings of fact and conclusions of law. In August of 1979, Glenda filed a motion in district court which requested an order granting her temporary alimony, child support, and attorney's fees from the date judgment was entered until the time period for appeal had expired or, if an appeal is filed, until a decision is rendered by the North Dakota Supreme Court. *See* Section 14–05–23, N.D.C.C. The brief and affidavit filed in support of the motion disclose that Glenda was without sufficient income to support herself and the two minor children under her custody. The reason for the post-trial motion is revealed in her brief filed in support thereof in district court:

"Although defendant and her two minor children have been awarded 'assets' under the final decree, they are unable to use these assets for their benefit because of a rule of law which states that they may waive their right to appeal if they accept the benefit of those assets.

"Defendant by the instant motion seeks the order of this Court that plaintiff be required to pay the sum of $5,000.00 per month as temporary alimony and child support and $25,000.00 as temporary attorneys' fees."

On August 31, 1979, the district court ordered Reed to pay Glenda the sum of $50,000 as "temporary support to Defendant [Glenda] and the two minor children in her custody." The court said in its order that this sum was to be treated as a credit to Reed and would be applied to the $75,000 awarded to Glenda as part of the lump-sum property settlement award in the divorce judgment. Both parties have conceded that the temporary award of $50,000 is not at issue on appeal nor is it considered to be a benefit arising from the judgment which, having been accepted, would preclude Glenda from filing an appeal.

Amended findings of fact, conclusions of law, and order for judgment were executed on January 25, 1980, and judgment was entered that same day. Glenda filed a notice of appeal on January 31, 1980. Thereafter, Reed moved for dismissal of the appeal on the ground that Glenda had "unconditionally, voluntarily and consciously accepted substantial benefits under the judg-

ment of divorce and has, therefore, waived her right of appeal."

The judgment and divorce decree provided in relevant part that:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff shall pay to the Defendant the sum of $200,000.00 as a property settlement payable as follows: the sum of $1,700.00 per month commencing June 15, 1979, and payable monthly thereafter until the 15th day of July, 1989. These payments shall be considered deductible to the Plaintiff and taxable to the Defendant for all federal and North Dakota state income tax purposes."

It is undisputed that Glenda has accepted the payments of $1,700 per month awarded to her under the judgment of divorce. The payments commenced on June 15, 1979, and Glenda has undeniably accepted the $1,700 monthly payments for eleven months for a total of $18,700. Reed contends that Glenda's acceptance of the $1,700 monthly payments constitutes the acceptance of substantial benefits under the judgment from which she is appealing and that, therefore, the appeal should be dismissed. Glenda, however, argues that her acceptance of the payments was justified under the circumstances because of her financial standing as a result of the parties' divorce.

█ It is well-established in North Dakota that where a party to a divorce action accepts substantial benefits under the judgment, such party thereby waives any right of appeal. *Hoge v. Hoge*, 281 N.W.2d 557 (N.D.1979); *Nastrom v. Nastrom*, 276 N.W.2d 130 (N.D.1979); *Piper v Piper*, 234 N.W.2d 621 (N.D.1975); *Grant v. Grant*, 226 N.W.2d 358 (N.D.1975); *Montgomery v. Montgomery*, 88 N.W.2d 104 (N.D.1958). This general rule is, however, subject to recognized exceptions.

In *Tyler v. Shea*, 4 N.D. 377, 61 N.W. 468 (1894), we said:

"Where the reversal of the judgment cannot possibly affect the appellant's right to the benefit he has secured under the judgment, then an appeal may be taken, and will be sustained, despite the fact that the appellant has sought and secured such benefit." 4 N.D. at 381, 61 N.W. at 469.

This exception was further expounded in *Boyle v. Boyle*, 19 N.D. 522, 524, 126 N.W. 229, 230 (1910), wherein we held:

"If a provision of the judgment appears to have been fixed by consent, or is undisputed, or, for any reason, cannot be changed or reversed by the appeal, an acceptance of the benefit given by such provision is not a waiver of the appeal."

Moreover, in *Grant v. Grant, supra*, we recognized that the rule which bars a subsequent appeal when substantial benefits of a divorce judgment are accepted is not absolute when we said:

"Before the waiver of the right to appeal can be found to exist, there must be an unconditional, voluntary, and conscious acceptance of a substantial benefit under the judgment." 226 N.W.2d at 361.

In *Grant*, we found that it was impossible to determine from the record whether or not any of the benefits awarded by the final judgment had actually been accepted, and therefore the motion to dismiss the appeal was denied.

In addition to the exceptions recognized above, this court has also held that:

"It is both practical and just that if one jointly or individually possesses an asset during the pendency of a divorce action and is subsequently awarded that asset by the divorce judgment, he should not have to divest himself of that asset before appealing the judgment. This is most obvious when the asset is a necessity of life." *Piper v. Piper*, 234 N.W.2d at 623.

In *Piper*, the husband had conceded at the trial court level that he was willing to give his wife a house, an automobile, household fixtures, and money she had in the bank. These items were in the wife's possession before, during, and after the trial. On appeal, the dispute concerned the amount of a cash settlement representative of the remainder of the parties' property. The husband moved for dismissal of the

appeal and argued that all of the property awarded to his wife should be viewed as a benefit, the acceptance of which would waive the right to appeal from the judgment. We held that if this line of reasoning were followed and all jointly-owned property awarded to each party was viewed as a benefit, "neither party could appeal unless that person divested himself or herself of all the property awarded." 234 N.W.2d at 623.

■ Furthermore, an additional exception occurs when payments for child support are accepted pursuant to a judgment of divorce. Child support monies are not deemed to be a benefit to the custodial spouse but rather are a benefit to the minor child. Acceptance of child support payments does not preclude a party from attacking a divorce judgment on appeal. 234 N.W.2d at 623.

Finally, in *Hoge v. Hoge*, 281 N.W.2d 557 (N.D.1979), we recognized a caveat to the general principle that acceptance of benefits under a judgment of divorce precludes a later appeal. In *Hoge*, the trial court had awarded the wife a lump-sum of $45,000 which represented her share of the real and personal property owned by the parties. The husband moved to dismiss her appeal from a denial of a motion for a new trial on the ground that his wife had used, for her own personal benefit, $10,000 of the $45,000 awarded to her under the judgment. He argued that she had accepted "substantial benefits" under the judgment and therefore waived her right of appeal. 281 N.W.2d at 562. We said in *Hoge* that a party is not estopped from an appeal of a divorce judgment by the acceptance of alimony and property "to which he or she was entitled as a matter of right." 281 N.W.2d at 563; *see Annot.*, 29 A.L.R.3d 1184 (1970); 27A C.J.S. *Divorce* § 188 (1959). We held that:

> "the burden should be on the party who objects to the appeal to show this court that the benefit which was accepted would not be one that the party was entitled to without the decree." 281 N.W.2d at 563.

We concluded in *Hoge* that the husband had not carried the burden of showing us that his wife had waived her right of appeal or review. 281 N.W.2d at 563.

■ The record in the instant case reveals that the Sanfords have maintained a standard of living exceeded by few. The parties' marital estate, as adduced from the record, is in excess of one million dollars. We realize that $18,700 is a substantial amount of money; nevertheless, we conclude that it is an insubstantial amount in light of the entire marital estate at issue in the case at bar. Therefore, Glenda's acceptance of the $1,700 monthly payments under the circumstances will not act as a waiver of her right to appeal from the divorce judgment. We further conclude that Reed has failed to carry the burden of showing us that the benefit which was accepted would not be one that Glenda was entitled to without the decree. *See Hoge v. Hoge*, 281 N.W.2d at 563. For instance, had the court ordered that Glenda receive the $1,700 monthly payments as temporary support pending appeal, this motion would not have been made, and this was, in effect, conceded in oral argument.

We are impressed by the decision of *Anderson v. Anderson*, 72 Wis.2d 631, 242 N.W.2d 165 (1976), wherein the Supreme Court of Wisconsin said:

> "To preclude appeal by the acceptance of the benefits of a divorce judgment the acceptance of benefits must be of such a nature as to clearly indicate an intention to be bound by the divorce decree. Where, as here, the purpose of the appeal is to seek a more favorable award, the acceptance or use of that property actually awarded should not be held to constitute a waiver of the right to appeal." 242 N.W.2d at 169.

Acceptance of part of the cash award in the instant case, denominated as a property settlement, is not inconsistent with Glenda's claim in her appeal on the merits that the award should have been larger. Her right to receive the amount provided in the divorce decree is apparently uncontroverted as Reed has not cross-appealed nor questioned in oral argument or in his brief on

appeal, Glenda's right to that amount. In light of the contention, apparently not disputed, that most of the $50,000 was needed to pay attorney's fees already incurred in conjunction with the divorce and other debts incurred during separation, we do not believe that Glenda's acceptance of the $1,700 monthly payment pending appeal constitutes acquiescence in the divorce judgment. *See Amplatz v. Amplatz*, 289 N.W.2d 164 (Minn.1980); *In re Marriage of Abild*, 243 N.W.2d 541 (Iowa 1976); *Walden v. Walden*, 486 S.W.2d 57 (Ky.1972); *Tennyson v. Tennyson*, 263 A.2d 643 (D.C.1970); *Hofer v. Hofer*, 244 Or. 88, 415 P.2d 753 (1966).

For these reasons, we hold that Glenda has not waived her right of appeal. The motion to dismiss is denied.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.