**Edna GEIER, Plaintiff and Appellant,**

v.

**Charles GEIER, Defendant and Appellee.**

**Civ. No. 10288.**

Supreme Court of North Dakota.

April 14, 1983.

---

McClintock, Butz & Kraft, Rugby, for plaintiff and appellant; argued by Carlan J. Kraft, Rugby.

Thomas J. Aljets, Carrington, for defendant and appellee.

SAND, Justice.

The plaintiff, Edna Geier, appealed from a district court judgment granting her a divorce from the defendant, Charles Geier, and making a division of property of the marital estate.

Charles subsequently filed a motion to dismiss the appeal pursuant to Rule 27 of the North Dakota Rules of Appellate Procedure upon the ground that Edna unconditionally, voluntarily, and consciously demanded, received, and accepted all of the benefits granted her under the judgment, and thereby waived her right to appeal. We will first consider Charles' motion to dismiss.

Charles and Edna's marriage on 14 February 1971 was the second marriage for each of the parties. At the time the divorce judgment was entered, 8 July 1982, Edna was 66 years old and Charles was 70 years old.

At the time of the marriage, Edna owned a farm inherited in 1968 from her previous husband. Edna sold the farm in 1973 to a son for a net of $82,000. She reinvested $72,000 in certificates of deposit, and the remaining $10,000 was used for educational purposes for her two youngest children.

Charles also owned a farm at the time of the marriage which he still owns and rents to another party. Charles also had approximately $27,000 in cash, a mutual fund which had been recently surrendered for $17,500, a 1970 Pontiac, and grain with a net value of approximately $20,000. At trial, Charles estimated the value of the farm to be $268,000 at the time of the marriage and $403,000 at the time of the divorce.

After Charles and Edna were married, a mobile home was purchased for $10,000 and placed on two lots in Fessenden, North Dakota. Charles contributed the money for the mobile home and the property was held in joint tenancy.

The judgment, entered on 8 July 1982, provided in relevant part as follows:

"The plaintiff herein [Edna] shall have as her sole and separate property, subject to any encumbrances which she shall be responsible for:

(a) Her separate savings account;

(b) Her separate checking account;

(c) Her separate Certificates of Deposit ($77,000 at First National Bank of Fessenden);

(d) The 1981 Oldsmobile automobile;

(e) Her personal effects and items of the person;

(f) The mobile home owned by the parties, along with its contents and the property on which it is situated."

A notice of entry of judgment was mailed to counsel for Edna on 19 July 1982. Edna's counsel wrote a letter, dated 26 July 1982, to Charles' counsel forwarding title to the mobile home granted to Edna in the judgment and copies of the 1981 real estate tax receipts covering the real property awarded to Edna in the judgment. Edna's counsel requested that a deed be prepared deeding the property from Charles to Edna Krueger, formerly Edna Geier, a single woman, and that both the deed and the title to the mobile home be executed by Charles. Charles executed the title on 30 July 1982 and the deed on 2 August 1982, and both were forwarded to Edna's counsel by letter

dated 3 August 1982. The deed was subsequently filed with the Register of Deeds, Wells County, North Dakota, and was recorded on 10 August 1982. Edna filed a notice of appeal dated 2 September 1982.

Charles contended that Edna's acceptance of all the benefits under the judgment and her present attempt to attack the judgment on appeal are wholly inconsistent, and an election to take the benefits under the judgment was a renunciation of her right of appeal.

■ The general rule in North Dakota is that a party accepting substantial benefits pursuant to a divorce judgment waives the right of appeal. *Sanford v. Sanford,* 295 N.W.2d 139 (N.D.1980), and cases cited therein.

In *Sanford v. Sanford,* 295 N.W.2d at 141–42, we recognized that the general rule was subject to several exceptions:

> " 'If a provision of the judgment appears to have been fixed by consent, or is undisputed, or, for any reason, cannot be changed or reversed by the appeal, an acceptance of the benefit given by such provision is not a waiver of the appeal.'

> "Moreover, in *Grant v. Grant, supra,* we recognized that the rule which bars a subsequent appeal when substantial benefits of a divorce judgment are accepted is not absolute when we said:

> " 'Before the waiver of the right to appeal can be found to exist, there must be an unconditional, voluntary, and conscious acceptance of a substantial benefit under the judgment.' 226 N.W.2d [358] at 361.

> · · · · ·

> "In addition to the exceptions recognized above, this court has also held that: 'It is both practical and just that if one jointly or individually possesses an asset during the pendency of a divorce action and is subsequently awarded that asset by the divorce judgment, he should not have to divest himself of that asset before appealing the judgment. This is most obvious when the

asset is a necessity of life.' *Piper v. Piper,* 234 N.W.2d at 623.

> · · · · ·

> "Furthermore, an additional exception occurs when payments for child support are accepted pursuant to a judgment of divorce. Child support monies are not deemed to be a benefit to the custodial spouse but rather are a benefit to the minor child. Acceptance of child support payments does not preclude a party from attacking a divorce judgment on appeal. 234 N.W.2d at 623.

> "Finally, in *Hoge v. Hoge,* 281 N.W.2d 557 (N.D.1979), we recognized a caveat to the general principle that acceptance of benefits under a judgment of divorce precludes a later appeal. . . . We said in *Hoge* that a party is not estopped from an appeal of a divorce judgment by the acceptance of alimony and property 'to which he or she was entitled as a matter of right.' 281 N.W.2d at 563."

Charles contended that Edna waived her right to appeal because the mobile home was an item of the property division disputed at trial, and Edna did more than merely live in the mobile home after judgment was entered, she took affirmative steps to have the title to the mobile home transferred to her name.

■ Prior to the divorce the mobile home was held in joint tenancy by Charles and Edna. The trial court's findings of fact reflect that Charles provided all the funds for the purchase of the mobile home and, pursuant to NDRCivP 52(a), that finding is not clearly erroneous. Pursuant to this Court's decision in *Piper v. Piper,* 234 N.W.2d 621 (N.D.1975), Edna did not have to divest herself of the mobile home before she could appeal the judgment. However, Edna took affirmative steps to have title to the mobile home transferred to her name, and nothing in the record suggests that Edna would not have been able to live in the mobile home pending appeal without having title transferred to her name. On the contrary, the record reflects that Edna occupied the mobile home for the nine-

month period the parties were separated prior to the divorce judgment, during the trial, and after the trial.

Although we recognize that language in some of our previous opinions may suggest that Edna's actions did not constitute a waiver of the right of appeal, *Hoge v. Hoge, supra,* and *Sanford v. Sanford, supra,* we must keep in mind the context and factual situation of those cases. We believe the factual situation of this case removes it from the purview of statements made in those cases.

In this case Edna took affirmative steps to have title of jointly held real estate transferred to her name before appealing to this Court. In considering the property awarded to Edna pursuant to the divorce judgment, most of that property, except the mobile home, was her separate property which she would have clearly been entitled to without the divorce decree.[1] In view of the trial court's finding that Charles paid for the mobile home and the understanding between Charles and Edna (see footnote 1), we are not satisfied that Edna would have been entitled to the mobile home but for the divorce decree. Taking into account the affirmative actions taken by Edna to transfer title to the mobile home to her name and the fact that the mobile home was the only item of property awarded to Edna which was not her separate property, we conclude that Edna accepted substantial benefits under the divorce judgment and, therefore, waived her right to appeal.

In reaching our conclusion, we recognize that the practical effect of this dismissal is an affirmance of the judgment which necessarily brings us to the merits of Edna's appeal. Generally we do not disregard the merits of an appeal in considering a motion to dismiss an appeal. In accordance with this practice, we have also examined the issues raised by Edna and we do not believe

they warrant overturning or modifying the trial court's judgment.

The appeal is dismissed.

ERICKSTAD, C.J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.

1. In making this statement, we note the trial court made the following finding of fact:

   "The court expressly finds that although there was no specific agreement, there was a general understanding which existed between the parties that each party would control his or her own assets with current income being put into a joint account to pay expenses and as an excess of funds developed in that account, each party would withdraw in general proportion to the amount that had been contributed originally. This arrangement between the parties was only roughly followed."