Martha Florence WHITE, Plaintiff and Appellant,

v.

Thomas Henry WHITE, Defendant and Appellee.

Civ. No. 880140.

Supreme Court of North Dakota.

Jan. 9, 1989.

---

Lundberg, Nodland, Schulz & Lervick, Bismarck, for plaintiff and appellant; argued by Ardell Tharaldson.

Anseth & Zander, Williston, for defendant and appellee; argued by Janet Holter Zander.

GIERKE, Justice.

This is an appeal by the plaintiff, Martha White, from a district court judgment granting a divorce from the defendant, Thomas White, making a division of property and awarding spousal support. For the reasons set forth below, we dismiss the appeal.

On October 18, 1988, Thomas filed a motion to dismiss the appeal pursuant to Rule 27 of the North Dakota Rules of Appellate Procedure upon the ground that Martha unconditionally, voluntarily, and conscientiously demanded, received and accepted all of the benefits granted her under the judgment, and thereby waived her right to appeal. Accordingly, we will first consider Thomas' motion to dismiss.

Martha and Thomas were married in May of 1955. Irreconcilable differences arose between the parties and a judgment of divorce was entered in Williams County District Court on March 15, 1988. At the time the divorce judgment was entered, Martha was 57 years old and Thomas was 56 years old.

The divorce judgment provided in relevant part as follows:

"ORDERED, ADJUDGED, AND DECREED, That the Plaintiff, Martha Florence White, and the Defendant, Thomas Henry White, be and they are hereby awarded an absolute divorce from each other, and that the bonds of matrimony hereto existing between the Plaintiff and Defendant be, and they are, wholly and permanently dissolved, and the Plaintiff and the Defendant are entitled to be granted an absolute decree of divorce upon the grounds of irreconcilable differences.

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, That the Plaintiff shall be decreed the household goods and furnishings in her possession, the homestead ..., the 1978 Mercury automobile, the 1981 Plymouth automobile, her Prudential insurance, her IRA at Williston Cooperative Credit Union, Tom's Tavern with appurtenant property, and ½ of the War bonds, ½ of the coin collection, and ½ of the US mint coins. Further, that the Plaintiff shall be decreed as her separate property, her interest in any insurance policies in her name and her checking accounts.

\*　　\*　　\*　　\*　　\*　　\*

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, That the Plaintiff shall receive $400.00 per month from the Defendant's Air Force retirement pay.... Payments shall commence the first full pay period following effective service of the Judgment upon the retirement payor agency, and shall continue until either the Plaintiff or the Defendant dies.

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, That the Defendant shall pay to the Plaintiff spousal support in the amount of $300.00 per month commencing March 1, 1988, and continuing until the death of the Defendant, the death of the Plaintiff, her remarriage, or further Order of the Court."

On February 24, 1988, prior to entry of the formal judgment, Martha forwarded to Thomas a quit claim deed for him to sign as to the homestead which was jointly

owned real property. Instead, Thomas, preferring a warranty deed, prepared and signed on March 3, 1988, a warranty deed to Martha for the homestead. In turn, Martha signed on March 17, 1988, a warranty deed to Thomas for the rental house. On March 22, 1988, Martha, through her attorney, wrote a letter to Thomas' counsel requesting a meeting for the purpose of dividing the remaining joint assets. Additionally, Martha demanded a bill of sale from Thomas for the bar and requested that Thomas sign off of the bar's liquor license. Accordingly, a meeting was held on March 31, 1988, at which time titles to the motor vehicles were signed and exchanged, the war bonds were divided, the coin collection was divided, and the US mint coin collection was divided. Also, at this meeting, Thomas relinquished rights to the bar and his name was removed from the liquor license as requested by Martha. On May 10, 1988, Martha filed a notice of appeal.

Thomas contends that Martha's acceptance of all the benefits under the judgment and her present attempt to attack the judgment on appeal are inconsistent, and an election to take the benefits under the judgment was a renunciation of her right of appeal.

■ The general rule in North Dakota is that a party to a divorce action who accepts substantial benefits pursuant to a divorce judgment thereby waives the right to appeal from the judgment. *Brodersen v. Brodersen,* 374 N.W.2d 76, 77 (N.D.1985); *Geier v. Geier,* 332 N.W.2d 261, 263 (N.D. 1983); *Sanford v. Sanford,* 295 N.W.2d 139, 141 (N.D.1980).

We recognized in *Sanford v. Sanford, supra* at 141–142, that the general rule was subject to several recognized exceptions:

> "In *Tyler v. Shea,* 4 N.D. 377, 61 N.W. 468 (1894), we said:
>
> " 'Where the reversal of the judgment cannot possibly affect the appellant's right to the benefit he has secured under the judgment, then an appeal may be taken, and will be sustained, despite the fact that the appellant has sought and secured such benefit.' 4 N.D. at 381, 61 N.W. at 469.

> "This exception was further expounded in *Boyle v. Boyle,* 19 N.D. 522, 524, 126 N.W. 229, 230 (1910), wherein we held:
>
> " 'If a provision of the judgment appears to have been fixed by consent, or is undisputed, or, for any reason, cannot be changed or reversed by the appeal, an acceptance of the benefit given by such provision is not a waiver of the appeal.'

> "Moreover, in *Grant v. Grant,* [226 N.W.2d 358 (N.D.1975)] *supra,* we recognized that the rule which bars a subsequent appeal when substantial benefits of a divorce judgment are accepted is not absolute when we said:
>
> " 'Before the waiver of the right to appeal can be found to exist, there must be an unconditional, voluntary, and conscious acceptance of a substantial benefit under the judgment.' 226 N.W.2d at 361.

> \*     \*     \*     \*     \*     \*

> "In addition to the exceptions recognized above, this court has also held that:
>
> " 'It is both practical and just that if one jointly or individually possesses an asset during the pendency of a divorce action and is subsequently awarded that asset by the divorce judgment, he should not have to divest himself of that asset before appealing the judgment. This is most obvious when the asset is a necessity of life.' *Piper v. Piper,* 234 N.W.2d [621] at 623 [(N.D.1975)].

> \*     \*     \*     \*     \*     \*

> "Finally, in *Hoge v. Hoge,* 281 N.W.2d 557 (N.D.1979), we recognized a caveat to the general principle that acceptance of benefits under a judgment of divorce precludes a later appeal.... We said in *Hoge* that a party is not estopped from an appeal of a divorce judgment by the acceptance of alimony and property 'to which he or she was entitled as a matter of right.' 281 N.W.2d at 563."

■ After taking into account the affirmative actions taken by Martha to trans-

fer title to the homestead to her name, to transfer rights to the bar and liquor license, and to divide the remaining items of property of substantial value, we conclude that Martha accepted substantial benefits under the divorce judgment and therefore Martha waived her right to appeal. Accordingly, Thomas' motion to dismiss Martha's appeal is granted.

The appeal is dismissed.

ERICKSTAD, C.J., and VANDE WALLE and MESCHKE, JJ., concur.

LEVINE, Justice, concurring specially.

On appeal Martha claims error in her award of only $400.00 a month in Air Force retirement pay, in the failure of the court to award her any of Thomas' civil service pension and in her award of the Bar instead of the financially more secure pension benefits. It is obvious that were we to agree with Martha on the merits, it would be necessary to remand to the trial court for an equitable redistribution of not only the property erroneously distributed, but also the other property over which Martha has already exercised ownership. Thus, the provisions of the judgment are clearly subject to reversal on appeal and Martha's acceptance of the benefits given by those provisions unfortunately constitutes a waiver of the appeal. *Boyle v. Boyle*, 19 N.D. 522, 126 N.W. 229, 230 (1910).

I therefore concur in what is a harsh but unavoidable result.

VANDE WALLE, J., concurs.