Kevin L. SPOONER, Plaintiff and Appellee,

v.

Doni Jo SPOONER, Defendant and Appellant.

Civ. No. 900338.

Supreme Court of North Dakota.

June 6, 1991.

Murray G. Sagsveen and Patricia E. Garrity of Zuger, Kirmis, Bolinske & Smith, Bismarck, for defendant and appellant.

Frederick E. Whisenand of McIntee & Whisenand, Williston, for plaintiff and appellee.

LEVINE, Justice.

In this appeal from a divorce judgment, Doni Jo Spooner challenges the property division while Kevin Spooner moves to dismiss Doni's appeal. We deny the motion to dismiss and affirm the judgment.

Doni and Kevin were married in September 1987. At the time of the marriage, Kevin operated two businesses in Williston: Spooner Physical Therapy, a private physical therapy practice, and Body Firm, a health club. Both businesses were housed in a building owned by Kevin. During the first year of the marriage, Doni worked at the health club. In September 1988, Doni stopped working at the health club and began working for the Williston Chamber of Commerce.

Doni and Kevin separated briefly in the spring of 1988, reconciled, and separated permanently in September 1989. They were divorced in July 1990.

Among the contested issues at trial were Doni's contribution to the health club and the valuation of Kevin's businesses. The trial court awarded the businesses to Kevin and the house to Doni. Doni appealed, challenging the value placed on the businesses and the court's failure to distribute a portion of the appreciated value of the businesses to her. Kevin has not cross-appealed.

After the trial, Doni left the state for a new job which she began in August 1990. Before she left, she listed the house, selling it in December 1990. Prior to Doni's departure from Williston, the parties made a final division of their personal property. Kevin gave Doni two checks, representing the proceeds of investment accounts awarded to Doni, as well as a deed to the house. After Doni's notice of appeal was filed, Kevin moved to dismiss the appeal, claiming Doni waived her right to appeal by accepting the benefits of the judgment.

### The Motion to Dismiss

■ Kevin has moved to dismiss Doni's appeal based on the general rule that one who accepts the substantial benefits of a divorce judgment waives the right to appeal from that judgment. *Davis v. Davis*, 458 N.W.2d 309, 311 (N.D.1990). Kevin claims that Doni waived the appeal when she took possession of specific household items, retained two checks from Kevin which were proceeds of investment accounts, and sold the house. As movant, Kevin has the burden of establishing Doni's waiver of the appeal. *Brodersen v. Brodersen*, 374 N.W.2d 76, 77 (N.D.1985).

■ Over the years, we have sharply limited the rule relied upon by Kevin in an effort to promote a strong policy in favor of reaching the merits of an appeal. *See, e.g., Davis*, 458 N.W.2d at 313. Accordingly, we have held that accepting benefits does not constitute a waiver of an appeal if the benefits are fixed by consent, are undisputed, or cannot be changed or reversed on appeal. *Piper v. Piper*, 234 N.W.2d 621, 622 (N.D.1975). When a person receives a benefit to which he or she was entitled as a matter of right, acceptance of that benefit is not a waiver of an appeal. *Beaton v. Beaton*, 99 N.W.2d 92, 94 (N.D.1959). Because of the unique status of a divorce judgment which divides property that is often jointly owned or at least has been jointly enjoyed during the marriage, joint or individual possession of an asset during the pendency of a divorce action does not constitute acceptance of a benefit. *Piper*, 234 N.W.2d at 623. In *Piper*, many of the benefits claimed to have been "accepted" were items that the appellant possessed before the trial—a house, furnishings, a car, and a bank account. We said that the appellant was not required to divest herself of these items in order to take an appeal seeking a new trial respecting the cash settlement covering the remainder of the parties' property. *Id.* at 622–23.

■ Another rationale for allowing an appeal is the absence of a cross-appeal. Where the appellant's right to the benefit was not disputed by the movant, we have declined to dismiss the appeal. *See, e.g., Sanford v. Sanford*, 295 N.W.2d 139 (N.D.1980).

In *Sanford*, we allowed an appeal in spite of the appellant's acceptance of over $18,000 in property settlement payments. We said:

"Acceptance of part of the cash award in the instant case, denominated as a property settlement, is not inconsistent with Glenda's claim in her appeal on the merits that the award should have been

larger. Her right to receive the amount provided in the divorce decree is apparently uncontroverted as Reed has not cross-appealed nor questioned in oral argument or in his brief on appeal, Glenda's right to that amount." 295 N.W.2d at 142–43.

Again, we recognized that appeals from divorce judgments frequently involve the equitable distribution of property jointly or individually owned by the parties. Most of this property will be in the hands of one or the other of the parties before, during and after the trial on contested issues. And, much of this property is the stuff of daily lives: houses, cars, household furnishings. It should be an unusual set of circumstances, one demonstrating prejudice to the movant, or a very clear intent on the part of the appellant to accept the judgment and waive the right to appeal, that keeps us from reaching the merits of an action. Acceptance of benefits will seldom be prejudicial to the movant if either the benefits themselves or the proceeds from their sale remain available for redistribution in subsequent proceedings. *See, e.g., Piper, supra; Davis, supra;* and *Nastrom v. Nastrom,* 276 N.W.2d 130, 131–32 (N.D.1979).

■ Here, Kevin sent Doni two checks and a deed to the house. Doni had possession of the house and its furnishings before, during and after the trial. *See Piper, supra.* At the time of the trial, she had accepted work out-of-state and Kevin and the court were aware of this fact. Kevin did not seek the house in the divorce. *See Sanford, supra.* In her response to Kevin's motion to dismiss the appeal, Doni asserted that the $1,000 monthly mortgage payments and utility costs attendant to maintaining the Williston house, were "an extreme financial strain" on her. Within weeks of the trial, it was necessary for Doni to move the personal property from Williston to the location of her new job and she was forced to maintain both her new place of residence and the house in Williston. Accordingly, she sold the house in Williston. Doni has retained the proceeds of the house sale and the two checks sent by Kevin. *See Nastrom,* 276 N.W.2d at 132.

We believe the Iowa Supreme Court deftly resolved a similar issue in *Leigh v. Leigh,* 73 N.W.2d 727 (Iowa 1955). The wife, under a divorce decree, had received livestock which she then sold. In response to a motion to dismiss the appeal from the decree, the wife contended that she was unable to care for the cattle, and, though she had sold the livestock, she retained the proceeds pending further proceedings. While the court noted that the wife should have obtained court approval of the sale, "she could not be expected to neglect it [livestock] nor retain it under conditions which would be unreasonable." 73 N.W.2d at 731. The motion to dismiss was denied. *Id.* We too believe it would be unreasonable for an appellant in a divorce case to have to choose between economic adversity and the right to appeal.

Kevin relies on *White v. White,* 434 N.W.2d 361 (N.D.1989), and *Geier v. Geier,* 332 N.W.2d 261 (N.D.1983). In both these cases, we found that the appellant had affirmatively accepted substantial benefits of the divorce judgment and had, therefore, waived the right to appeal. Admittedly, these cases are somewhat anomalous to our bent in favor of appealability as they belie this court's otherwise liberal approach illustrated by *Sanford* and *Piper. White* and *Geier* can, to a degree, be distinguished from our other cases. In *White,* the appellant was awarded a bar, the homestead, two cars and one-half of bonds and coins and $400 a month from pension payments. She appealed, asking for a greater share of the pension payments, claiming in part that it was error to award her the bar instead of the fincially more secure pension benefits. 434 N.W.2d at 364 [Levine, J., concurring]. In spite of this claim, she sought and obtained a deed to the homestead, a bill of sale for the bar, the transfer of the liquor license, and the division of the bonds and coins. In short, she had acted affirmatively to implement all of the terms of the judgment, including the acceptance of assets she claimed it was error to award to her. *Id.* at 363–64.

In *Geier,* the parties had considerable separate property, which the parties understood would remain separate. The appellant was awarded a mobile home, apparently, the only joint property, and she sought and obtained a deed to the mobile home and its lot. While we noted that it was not necessary for the appellant to divest herself of the mobile home in order to bring the appeal, *see Piper, supra,* it was equally unnecessary for her to obtain title in order to live in the home after judgment. In effect, because the mobile home was the only joint property, the appellant took affirmative steps to transfer *all* the benefits of the judgment. 332 N.W.2d at 264.

Here, Doni did not initiate the transfer of the benefits Kevin argues she "accepted." More importantly, Doni presented evidence that her new job and her economic status necessitated her taking the personal property and selling the house. Kevin has not contested Doni's right to this property and has not shown that he has suffered prejudice from Doni's disposition of the property. We do not believe that Doni waived her right to appeal.

### The Merits

Doni claims the division of property is clearly erroneous because the district court undervalued Kevin's businesses by $102,000 because it failed to "determine the fair market value of the businesses as 'going concerns' " and because it did not recognize Doni's contributions as an employee and homemaker.

■ There is no rule that the trial court equally divide an increase in the net worth of the parties which occurred during the marriage. *Routledge v. Routledge,* 377 N.W.2d 542, 549 (N.D.1985). But all property, including separate property, is subject to distribution, depending upon whether an equitable distribution requires it. *Id.* A property division need not be equal to be equitable, but a substantial disparity should be explained. *Heggen v. Heggen,* 452 N.W.2d 96, 98 (N.D.1990). A division of marital property is viewed as a finding of fact subject to the clearly erroneous standard of Rule 52(a), NDRCivP. *Bader v. Bader,* 448 N.W.2d 187, 188 (N.D.1989).

Under that standard, we reverse only if there is no evidence to support a finding or if, upon a review of the entire evidence, we are left with a definite and firm conviction that a mistake has been made. *Lippert v. Lippert,* 353 N.W.2d 333, 335 (N.D.1984).

■ Even if Doni is correct that the district court undervalued Kevin's businesses, we believe the record supports the distribution made by the court. We are not definitely and firmly convinced that a mistake has been made.

Along with other *Ruff–Fisher* factors, the trial court may consider the duration of the marriage and the source of the property in arriving at an equitable division. *Anderson v. Anderson,* 368 N.W.2d 566, 568 (N.D.1985). Doni and Kevin were married for two years, a very short time. All of the assets of the businesses were brought into the marriage by Kevin. Kevin's personal services were a major component of any value of his businesses above and beyond the value of the real property and equipment. The parties disputed not only the fair market value of the businesses but also Doni's contribution to the growth in the value of the businesses during the marriage. Doni testified that she managed the health club during the year that she worked there and that she was involved in all phases of the operation. Kevin countered that Doni's participation was limited and that there was tension between Doni and other staff members. By May 1988, Kevin asked Doni to discontinue further dealings with the staff. In addition, two health club employees corroborated Kevin's assessment of Doni's problems at the health club.

From this conflicting testimony, the trial court could find that Doni did not contribute to the growth of the businesses to justify a greater award to her. Because the marriage was of short duration, because the business assets brought to the marriage were Kevin's, because the value of each party's respective contributions to the businesses, financial and other, was dramatically disparate, the record supports

the district court's unequal distribution of the property. The determination on property division is not clearly erroneous.

The judgment of the district court is affirmed.

ERICKSTAD, C.J., MESCHKE, J., and VERNON R. PEDERSON and ROY A. ILVEDSON, Surrogate Justices, concur.

VERNON R. PEDERSON and ROY A. ILVEDSON, Surrogate Justices, sitting in place of VANDE WALLE and GIERKE, JJ., disqualified.