Lore E. TUFF, Plaintiff and Appellant,

v.

Dennis G. TUFF, Defendant and Appellee.

Civ. No. 10261.

Supreme Court of North Dakota.

April 14, 1983.

William P. Teevens, of Teevens, Johnson & Montgomery, Minot, for plaintiff and appellant.

Ella Van Berkom, Minot, for defendant and appellee.

VANDE WALLE, Justice.

Lore Tuff sought a divorce from Dennis Tuff on the grounds of irreconcilable differences and extreme mental and physical cruelty. The trial court granted each a divorce from the other. Lore appealed from the judgment of divorce entered by the district court of Ward County. We reverse that portion of the judgment relating to the division of property and remand to the trial court for further proceedings.

Lore and Dennis were married in Germany on February 18, 1956. They have two children, both of whom were of legal age at the time of the divorce. Dennis was in the military service of the United States and was stationed in Germany at the time of the marriage. Subsequent to the marriage Dennis returned to the United States and Lore joined him shortly thereafter. Dennis farmed for a few years and owned 1,200 acres of farmland at the time of the divorce. However, after he farmed for a few years Dennis became an electrician. That was his occupation at the time of the divorce and the farmland acquired over the years is rented to other persons.

The trial court ordered judgment of divorce and, with respect to the property of the parties, directed that all personal property in the possession of the parties remain in their possession and that Lore receive a cash settlement of $200,000 with $50,000 payable 30 days after entry of judgment and $15,000 payable on December 1 of each year beginning with 1982 and ending in 1991. No interest on the payments was awarded. The trial court ordered that Dennis receive as his share the following property:

> "All remaining property, real or personal, owned by the parties, including the home in Rugby, North Dakota, and the remaining furnishings therein, Lake Me-

tigoshe property and the furnishings therein, farm real estate, electrical business property, grain, vehicles, accounts, etc., subject to all debts of the parties revealed at trial, less one-half (½) of the civil judgment debt and the attorney's fees and costs pertaining to the same outstanding against Mrs. Tuff, not to exceed the sum of $11,650. In other words, the parties shall each pay one-half (½) of the civil judgment and costs pertaining thereto against Mrs. Tuff. The defendant's liability to be limited to $11,650." The trial further directed that neither party receive attorney fees, costs, or alimony.

Lore contends that under all the facts and circumstances the division of property was not equitable; that the trial court abused its discretion and was in error in its division of property and in its refusal to grant her alimony.

We have said many times that in order to determine matters of alimony and property division the trial court must make findings of fact to be reviewed pursuant to Rule 52(a), N.D.R.Civ.P. See, e.g., *Williams v. Williams*, 302 N.W.2d 754 (N.D.1981). Section 14–05–24, N.D.C.C., provides that the court shall make such equitable distribution of real and personal property of the parties as may seem just and proper. There is no set rule for distributing the property of a marriage but certain guidelines have been established for the trial court through this court's decisions in *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952), and *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966). These guidelines allow the trial court to consider the respective ages of the parties to the marriage; their earning abilities; the duration of the marriage and the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time; its value and its income-producing capacity, if any, and whether it was accumulated or acquired before or after the marriage; and such other matters as may be material. *Williams v. Williams, supra.*

The trial court in this instance did not find the specific value of the property owned by the parties although the findings of fact indicate that each party obtained the opinion of an expert appraiser of the real estate; that it was stipulated at the time of trial that the trial court could consider the written appraisal submitted to the trial court by each of the experts; and that the parties would waive cross-examination of each of the parties. The parties also submitted a signed document stating their respective opinions of the values of the property owned and accumulated during the marriage as well as a statement of the liabilities of the parties for the use and benefit of the trial court.

A review of that exhibit indicates that Lore valued the property at $648,894.47 and Dennis at $609,998.47. Lore, however, contends that the exhibit does not reflect all the assets of the couple although she did sign the exhibit. Because Lore received a fixed amount of the assets, i.e., $200,000,[1] the total amount of the assets of the parties is significant in determining whether or not there was an equitable division between the parties.

In *Williams, supra,* we reversed the decision of the trial court and remanded for additional findings, stating:

"Although, on its face, the property distribution described above appears exceedingly disproportionate in favor of Warren, we are unable to state that because one party to a divorce receives the bulk of the marital property a clearly erroneous determination has been made. Proper application of the *Ruff-Fischer*

---

1. Lore also received the personal property in her possession at the time of the judgment of divorce. She valued the property at $1,905; as might be expected, Dennis valued that property at $3,239. Dennis received the personal property in his possession at the time of the judgment of divorce and he valued that at $2,930; as might be expected, Lore valued it at $5,640. No finding of value was made with respect to the property in the possession of the parties. However, the personal property held by the parties appears to be less significant when compared to the values the parties placed upon the real property they owned.

guidelines could conceivably lead to such a result. However, we have expressly pointed out in the past that the *Ruff-Fischer* guidelines do not come into play until one important determination has been made. In *Hoge, supra* [281 N.W.2d 557 (N.D.1979) ], we stated that where, as in the present case, sufficient evidence has been admitted from which the court can determine the net worth of the parties' real and personal property, the court must make that determination before proceeding to the application of the other *Ruff-Fischer* guidelines.[2] ... We believe the distribution of property made by the trial court was clearly erroneous because it is not possible to make an equitable distribution of anything until a determination has been made as to what it is that is being distributed." 302 N.W.2d at 759–760.

See also *Urlaub v. Urlaub,* 325 N.W.2d 234 (N.D.1982).

Here, as in *Williams,* we are unable to determine the gross or net amount of the assets of the parties. More important, although the trial court's findings state that it took into consideration the *Ruff-Fischer* guidelines, the findings of fact and conclusions of law leave us with no indication of the rationale of the trial court in distributing the property; i.e., was it based on needs of the parties, fault of the parties, health of the parties, etc.? We have previously indicated that findings of fact are adequate when they provide us with a clear understanding of the basis of the trial court's decision. See, e.g., *Clement v. Clement,* 325 N.W.2d 262 (N.D.1982). It follows that when we do not have a clear understanding of the basis of the trial court's decision, the findings are not adequate.

Although we conclude that the findings of fact with respect to determination of the

value of the property and with respect to the basis of the trial court's decision in dividing the property are not adequate to enable us to determine whether or not a mistake has been made, we believe an additional comment is necessary with respect to the award in this instance should it again become the subject of an appeal.

If we were to assume that a lump-sum award of $200,000 to Lore was equitable, we would, nevertheless, be concerned about the manner of payment. The award was obviously a form of property division rather than spousal support because the trial court specifically indicated it was not awarding alimony to either party. See *Urlaub, supra; Eberhart v. Eberhart,* 301 N.W.2d 137 (N.D. 1981). However, the award contains none of the income-producing assets of the parties. Those were awarded to Dennis. Only $50,000 of the $200,000 was to be paid immediately and Lore therefore does not have the total sum to invest in order that she might obtain interest thereon, thus converting the payment into income-producing property. Rather, $150,000 of the sum is payable in installments of $15,000 per year over a period of ten years with no interest. It thus appears to us that the sum would need to be discounted in determining whether or not, at the time of the decree, Lore received an equitable distribution of the property. See *Sanford v. Sanford,* 301 N.W.2d 118 (N.D.1981).

The judgment of the district court is affirmed with respect to the decree of divorce. That portion of the judgment concerned with distribution of property is reversed and the case is remanded for further proceedings consistent with this opinion. Lore is awarded costs on appeal.

ERICKSTAD, C.J., and SAND, PEDERSON and PAULSON, JJ., concur.

**2.** In a footnote to this statement in *Williams* we referred to this court's decision in *Nastrom v. Nastrom,* 284 N.W.2d 576 (N.D.1979), which placed a limitation on the requirement that the trial court must make a determination of the net worth of the parties' real and personal property by indicating that the findings of fact need not set forth the value of *each* particular item making up the whole of the marital property. We reiterate that position here. However, as in *Williams,* we observe that the *Nastrom* limitation does not eliminate the need for a determination by the trial court of the couple's net worth prior to the application of the other *Ruff-Fischer* guidelines.