333 N.W.2d 790 (1983)
Rosalie Alvena VanROSENDALE, Plaintiff and Appellee,
v.
Lauren Charles VanROSENDALE, Defendant and Appellant.
Civ. No. 10328.
Supreme Court of North Dakota.
May 12, 1983.
McIntee & Whisenand, Williston, for plaintiff and appellee; argued by Terry Lorenz, Williston.
Harms, Leier & Evenson, Williston, for defendant and appellant; argued by Robert W. Harms, Williston.
PEDERSON, Justice.
Rosalie and Lauren VanRosendale were divorced by a decree of the district court of Williams County. On appeal, Lauren contends that the court erred in failing to consider and find the net worth of all of the parties' property before making the property division. We reverse that portion of the judgment relating to the division of property and remand for further proceedings.
Rosalie and Lauren were married in 1974. Although a second marriage for Rosalie, much of Rosalie's and Lauren's assets were accumulated during the marriage. Prior to their divorce, they owned a house and the Skol Bar in Tioga, North Dakota.
*791 Four years before Rosalie and Lauren were married, Rosalie's parents bought a section of farmland in Minnesota. After Rosalie's father died in 1974, Rosalie assumed one-half of the unpaid balance on the contract for deed. The land was then partitioned and Rosalie received a full interest in 320 acres of land. When a "balloon" payment was due on the property, Rosalie and Lauren borrowed $32,000 and both signed a promissory note to secure the loan. At the time of their divorce, the amount of Rosalie's interest in the farmland was disputed.
The court ordered judgment of divorce and "ordered, adjudged and decreed" that Rosalie receive the parties' household goods, the family residence, and her interest in the Minnesota farmland. Rosalie was also to receive a cash settlement of $10,000. The court ordered that Lauren receive the Skol Bar, a pickup truck, his car, and other personal property. The court awarded the real property "subject to existing indebtedness." Neither party was to receive attorney fees, costs, or alimony. Lauren appealed.
Lauren argues that the court erred in failing to find the net worth of the property before making the property division.
To determine alimony and property division, the trial court must make findings of fact to be reviewed pursuant to Rule 52(a), NDRCivP. Tuff v. Tuff, 333 N.W.2d 421 (N.D.1983). See also Williams v. Williams, 302 N.W.2d 754 (N.D.1981). Section 14-05-24, NDCC authorizes the court to make such equitable distribution of the parties' real and personal property as may seem just and proper. While there is no set rule for distributing property, certain guidelines have been established for trial courts in Ruff v. Ruff, 78 N.D. 775, 52 N.W.2d 107 (1952), and Fischer v. Fischer, 139 N.W.2d 845 (N.D.1966). These guidelines allow the court to consider the respective ages of the parties, their earning abilities, the duration of the marriage, the parties' conduct during the marriage, their station in life, their necessities, their health and financial circumstances, the property owned by the parties, including whether it was acquired before or after the marriage, its income-producing capacity, and such other matters as may be material. Williams v. Williams, supra.
As this court recently reiterated, the Ruff-Fischer guidelines do not come into play until one important determination has been made. If sufficient evidence has been admitted "from which the court can determine the net worth of the parties' real and personal property, the court must make that determination before proceeding to the application of the other Ruff-Fischer guidelines." Tuff v. Tuff, 333 N.W.2d 421, 424 (N.D.1983) (quoting Williams v. Williams, supra, 302 N.W.2d at 759-760); Urlaub v. Urlaub, 325 N.W.2d 234, 237 (N.D. 1982). Although the findings of fact need not set forth the value of each particular item making up the marital property, there is a need for a determination of the parties' net worth prior to application of the Ruff-Fischer guidelines. Nastrom v. Nastrom, 284 N.W.2d 576, 586 (N.D.1979); Urlaub, supra, 325 N.W.2d at 237. If the court fails to determine net worth when sufficient evidence is before the court, "a manifest abuse of discretion exists." Hoge v. Hoge, 281 N.W.2d 557, 561 (N.D.1979).
At trial, the parties presented conflicting evidence as to the value of the Minnesota farmland and Rosalie's interest. Evidence indicated that Rosalie and Lauren conveyed the farmland to a "strawman" for tax purposes, who then conveyed the property to Rosalie and her five children as joint tenants, giving Rosalie a 1/6 interest in the 320 acres. The court, however, also received into evidence Rosalie's Federal Quarterly Gift Tax Return which described Rosalie's conveyance to each of her children as "an undivided 1/10 interest in and to" the 320 acres of land. Thus, Rosalie's interest in the farmland was unclear. The current value of the farmland was also in dispute. Lauren presented evidence on the appraised value of the property. He also submitted a proposed property division stating his opinion of the value of the Minnesota farmland. Finally, the parties presented evidence on the income-producing capacity of the farmland. *792 Although the court heard conflicting evidence on these issues, no finding as to the value of the property was made.
Thus, after reviewing the court's findings of fact and conclusions of law, we are unable to determine the gross or net amount of the parties' assets. There may be instances of short-term marriages where, upon divorce, the Ruff-Fischer guidelines may not be applicable. This is not such a case. The court's findings and conclusions make no reference to the Ruff-Fischer guidelines, leaving us with no indication of the court's rationale for distributing the property. Findings of fact that do not provide a clear understanding of the basis of the court's decision "are not adequate" and we cannot "determine whether a mistake has been made" pursuant to Rule 52(a), NDRCivP. Tuff v. Tuff, 333 N.W.2d 421, 424 (N.D.1983).
The judgment of the district court with respect to the decree of divorce is affirmed. The portion of the judgment concerning distribution of property is reversed and the case is remanded for further proceedings consistent with this opinion.
ERICKSTAD, C.J., and VANDE WALLE, SAND and PAULSON, JJ., concur.