**Barbara J. WINTER, Plaintiff and Appellee,**

v.

**Leonard J. WINTER, Defendant and Appellant.**

**Civ. No. 10393.**

Supreme Court of North Dakota.

Oct. 3, 1983.

---

* Justice WM. L. PAULSON served as a Surrogate Judge for this case pursuant to Section

27–17–03, N.D.C.C.

McIntee & Whisenand, Williston, for plaintiff and appellee; argued by Terry R. Lorenz, Williston.

Bjella, Neff, Rathert, Wahl & Eiken, Williston, for defendant and appellant; argued by William E. McKechnie, Williston.

PEDERSON, Justice.

After Barbara and Leonard Winter were divorced, Leonard moved for a new trial on the ground of insufficiency of the evidence. Leonard appeals from the denial of his motion and from the portion of the judgment concerning property division. Leonard contends that the property distribution was inequitable because the court included in the marital estate all of Leonard's inherited and gifted property. He also contends that the court erred in failing to use any language that indicates consideration of the *Ruff-Fischer* guidelines. We affirm.

The record does not show that either party had any substantial assets at the time of the marriage; however, during the mar-

riage the parties acquired certain interests in real property in the Williston area. In 1963 they received a 40-acre parcel of land as a joint gift from Leonard's parents. Barbara and her father did most of the construction on the house that stands on this land and that served as the family home until the divorce.

In 1966 Barbara and Leonard purchased, as tenants in common, 240 acres of land on a contract for deed. A partially completed house is located on this tract. The parties also jointly acquired a 2% royalty interest in the minerals under this tract.

In 1974 Leonard received several property interests. Through his mother's estate he acquired a joint tenancy interest, with his father, in the old family home in Williston. He later also received a one-half remainder interest in two lots owned by his father and a one-half remainder interest in a 160-acre parcel of land owned by his father.

In 1981, Leonard's father gave Barbara and Leonard a joint gift of forty mineral acres. They also jointly acquired another twenty mineral acres.

In addition to her interests in the real and personal property already specified, Barbara received a joint interest with her father in a $15,000 time deposit which is payable to her upon his death.

At the trial the parties stipulated as to the admissibility and contents of certain documentary evidence relating to property values, including interrogatories, but it appears that Rule 8.3, NDROC was not complied with. The court awarded Barbara the 240-acre tract of land and the unfinished dwelling thereon, an undivided one-half interest in the 2% royalty and other mineral interests, the time deposit owned with her father, and various items of personal property. Leonard was awarded the 40-acre homestead lot, together with the house and grain bins located thereon, his joint tenancy interest in the old family home, his remainder interest in the two lots and the 160-acre tract, an undivided one-half interest in the 2% royalty and other mineral interests, and various items of personal property. The parties were to divide household items equally, with Barbara specifically receiving the freezer. Proceeds from the grain on hand were to be divided equally.

The court ordered Barbara to assume certain debts and Leonard to assume other debts. Neither party was awarded alimony, costs, or attorney fees.

Leonard takes no issue with the values the court placed on the property, but argues that the court erred when it included all of Leonard's inherited and gifted real property in the marital estate, and that the inclusion resulted in an inequitable distribution.

Section 14–05–24, NDCC requires the court to distribute the parties' real and personal property "as may seem just and proper." No set rules exist for distributing the property of a marriage, but this court's decisions have established certain guidelines, known as the *Ruff-Fischer* guidelines, to assist the trial court in its decision. These guidelines do not come into play until sufficient evidence is admitted to enable the court to determine the parties' net worth. *VanRosendale v. VanRosendale,* 333 N.W.2d 790, 791 (N.D.1983). The record in this case clearly contains sufficient evidence to sustain the trial court's determination of net worth. Leonard does not contest the valuation of the property. Rather, he contends that the trial court improperly applied the guidelines.

Leonard argues that the trial court's inclusion of his gifted and inherited real property in the marital estate was clearly erroneous. He relies on *Rudel v. Rudel,* 279 N.W.2d 651 (N.D.1979), *Grant v. Grant,* 226 N.W.2d 358 (N.D.1975), and *Bellon v. Bellon,* 213 N.W.2d 376 (N.D.1973) to support his position that the emerging law in North Dakota requires the trial court to exclude inherited or gifted property from the marital estate before distributing the remainder in equitable amounts. Leonard misconstrues the scope of those decisions. In each of those cases, this court looked at the distribution of inherited and gifted property and concluded that, under the circumstances of that particular case, the exclusion of

inherited or gifted property was not clearly erroneous.

There is no question that the court, in a divorce action, has the power to award the separate property of one spouse to the other when an equitable distribution so requires. *Fraase v. Fraase,* 315 N.W.2d 271, 274 (N.D.1982); *Fine v. Fine,* 248 N.W.2d 838, 840–41 (N.D.1976). The origin of the property is simply one factor to consider, even if the property was acquired before the marriage or if it was inherited. *Svetenko v. Svetenko,* 306 N.W.2d 607, 613 (N.D.1981).

In *Hesch v. Hesch,* 308 N.W.2d 390 (N.D. 1981), this court declined to accept an argument similar to the one now advanced by Leonard. Lawrence Hesch contended that certain property accumulated during the marriage was a gift from his family and should not be treated as property accumulated by the parties as a joint effort. The real property in *Hesch* was deeded to both Lawrence and Mary Jean Hesch. The trial court in that case also found that the couple had jointly received 100 head of cattle as a gift from Lawrence's parents.

The *Ruff-Fischer* guidelines afford the trial court sufficient flexibility to take into account the source of the property in arriving at an equitable distribution. The fact that the property was inherited or received by gift after marriage is only one factor to consider. Nothing in the decisions cited by Leonard mandates that inherited or gifted property be excluded from the marital estate before the *Ruff-Fischer* guidelines are applied to divide the remaining property.

Leonard would have this court set aside a long line of cases and establish a new rule that would exclude from the marital estate all gifted or inherited property unless it were affirmatively shown that the exclusion thereof resulted in a hardship. We are satisfied that a rule change of that nature would be primarily one of semantics. It is appropriate under § 14–05–24 for the trial court to award all of the gifted and inherited property to the marriage partner in whose name it was gifted or inherited, provided it is "just and proper" to do so. The change urged by Leonard would not make the trial court's determination any less subjective.

A trial court's finding is not to be disturbed unless it is clearly erroneous, either upon a clear demonstration that it lacks substantial evidentiary support or that it was induced by an erroneous view of the law. *Fine v. Fine, supra,* 248 N.W.2d at 841. We are not left with a definite and firm conviction that a mistake has been made in this case.

Leonard also argues that we should set aside the trial court's decision because the court failed to explicitly refer to the individual *Ruff-Fischer* guidelines when it made its findings of fact. This court has previously stated that it will not set aside a property division for failure to show a basis for the division if the basis is reasonably discernible by deduction or reasonable inference. *Nastrom v. Nastrom,* 284 N.W.2d 576, 585 (N.D.1979). The trial court's memorandum opinion contained detailed statements as to the value and net worth of the property. There is no rule that requires that the *Ruff-Fischer* factors be specifically enumerated. As long as the basis for the court's decision is evident from the findings of fact or otherwise, the findings are not clearly erroneous. *Fine v. Fine, supra,* 248 N.W.2d at 844. Although appellate review is significantly more simple when findings of fact are prepared which clearly disclose the basis of the trial court's determinations, judicial economy requires this court to accept less than artfully drafted findings. It is in the interest of winners in the trial court, not losers, to make certain that adequate findings of fact are made.

We affirm the judgment and the trial court's denial of the motion for a new trial.

ERICKSTAD, C.J., SAND and VANDE

WALLE, JJ., and PAULSON,* Surrogate Justice, concur.