**August B. PANKOW, Jr., Plaintiff and Appellee,**

v.

**Joan E. PANKOW, Defendant and Appellant.**

**Civ. No. 10514.**

Supreme Court of North Dakota.

April 24, 1984.

Johnson, Milloy, Johnson & Stokes, Wahpeton, for plaintiff and appellee; argued by A.W. Stokes, Wahpeton.

Miller, Norman & Kenney, Moorhead, Minn., for defendant and appellant; argued by Patrick B. Kenney, Moorhead, Minn.

PEDERSON, Justice.

Joan Pankow appeals from a judgment of the District Court of Richland County. We affirm in part, reverse in part, and remand for further proceedings.

Joan and August Pankow were married in 1959. They lived on the Pankow family farm with August's parents, where August farmed with his father and Joan assisted August's mother with the household chores. In 1965, August's parents conveyed 320 acres to him. August and Joan constructed a home on the property and operated the 320 acres as a separate farming unit. Joan, in addition to raising four

children and doing household duties, actively assisted August with the outdoor farm duties.

August initiated this divorce action in 1981, and Joan counterclaimed for a divorce. The court awarded both parties a divorce on the grounds of irreconcilable differences and awarded custody of the two minor children to Joan. The court ordered August to pay child support of $150 per month until the youngest child reached the age of 18.

The court determined that the net worth of the parties' real estate, farm machinery, grain on hand, and livestock was $343,-890.50. The value of the parties' other property, consisting mainly of personal effects, was minimal. The court awarded the real estate, farm machinery, grain on hand, and livestock to August. As her share of the property division, Joan was awarded monthly payments of $575 for the next 25 years. Joan appeals from the judgment, alleging that the property division is inequitable and that the amount of child support is inadequate.

Section 14–05–24, NDCC, requires the trial court to "make such equitable distribution of the real and personal property of the parties as may seem just and proper." No set rules exist for distributing the property of the parties to a marriage, but this Court's decisions have established certain guidelines, known as the *Ruff-Fischer* [1] guidelines, to assist the trial court in its decision. *Winter v. Winter*, 338 N.W.2d 819, 821 (N.D.1983). The equitableness of the property division is treated as a finding of fact which will not be set aside on appeal unless clearly erroneous. Rule 52(a), NDRCivP; *Clark v. Clark*, 331 N.W.2d 277, 278 (N.D.1983).

The trial court has failed to place a present-day value on the payments awarded to Joan as her share of the marital property. Joan contends that the $575 monthly payments have a present value of only $68,000, assuming a nine percent in-

terest rate, and that August is therefore receiving four times more property than Joan in the distribution.

We have previously indicated that the trial court must determine the net worth of the parties' assets before applying the *Ruff-Fischer* guidelines if sufficient evidence has been admitted to make such a determination. *VanRosendale v. VanRosendale*, 333 N.W.2d 790, 791 (N.D.1983). When the court fails to make a determination of the net value of the parties' assets, there is no foundation upon which the court may base an equitable distribution; "it is not possible to make an equitable distribution of anything until a determination has been made as to what it is that is being distributed." *Williams v. Williams*, 302 N.W.2d 754, 760 (N.D.1981). Similarly, it is extremely difficult for this Court to determine whether or not an equitable division has been made when the trial court fails to place a value upon property distributed to one of the parties. *See Glass v. Glass*, 344 N.W.2d 677, 678 (N.D.1984).

In *Tuff v. Tuff*, 333 N.W.2d 421, 424 (N.D.1983), we held that periodic cash payments without interest awarded as part of a property distribution must be discounted in determining whether or not the distribution is equitable:

"If we were to assume that a lump-sum award of $200,000 to Lore was equitable, we would, nevertheless, be concerned about the manner of payment. The award was obviously a form of property division rather than spousal support because the trial court specifically indicated it was not awarding alimony to either party. See *Urlaub* [*v. Urlaub*, 325 N.W.2d 234 (N.D.1982) ], *supra; Eberhart v. Eberhart*, 301 N.W.2d 137 (N.D.1981). However, the award contains none of the income-producing assets of the parties. Those were awarded to Dennis. Only $50,000 of the $200,000 was to be paid immediately and Lore

---

**1.** *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D. 1966).

therefore does not have the total sum to invest in order that she might obtain interest thereon, thus converting the payment into income-producing property. Rather, $150,000 of the sum is payable in installments of $15,000 per year over a period of ten years with no interest. It thus appears to us that the sum would need to be discounted in determining whether or not, at the time of the decree, Lore received an equitable distribution of the property. See *Sanford v. Sanford,* 301 N.W.2d 118, (N.D.1981)."

While we take notice of the fact that $172,500 paid in 300 monthly payments has a present value far less than $172,500, we will not usurp the power of the trial court to find the facts. We therefore remand the case to the district court for a reexamination of the property distribution. On remand, the court is to determine the present value of the monthly payments awarded to Joan and to reassess the distribution in light of this value. The district court should also take into consideration the fact that, if historical trends continue, the value of the land will substantially increase over the 25-year period, whereas the buying power of Joan's $575 monthly installments will substantially decrease. It is likely that the current disparity between the values of the property awarded to August and Joan may grow even wider in the future, and the district court should consider this fact when it reviews the property division.

Joan also asserts that the award of $150 per month in child support was inadequate. Because we are remanding for a reassessment of the property division, a review by this Court of the amount of child support would be premature at this point. Any changes made by the court in the property distribution may affect the adequacy of the child support, and may necessitate changes in the amount of child support.

The judgment of the district court is affirmed with respect to the decree of divorce. That portion of the judgment addressing distribution of property and child support is reversed and the case is remanded for further proceedings consistent with this opinion. Costs on appeal are awarded to Joan.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.