Sharon E. LIPPERT, Plaintiff and Appellee,

v.

Theodore R. LIPPERT, Defendant and Appellant.

Civ. No. 10591.

Supreme Court of North Dakota.

Aug. 13, 1984.

Rosenberg & Baird, Bismarck, for plaintiff and appellee; argued by LaRoy Baird, III, Bismarck.

Bair, Brown & Kautzmann, Mandan, for defendant and appellant; argued by Dwight C.H. Kautzmann, Mandan.

ERICKSTAD, Chief Justice.

Theodore R. Lippert has appealed from the judgment in this divorce action brought by Sharon E. Lippert. We affirm in part, reverse in part, and remand for further proceedings.

Theodore and Sharon were married on September 4, 1957. The next day they moved onto a farm owned by Theodore's mother. Neither party brought any assets

of substantial value to the marriage. Both parties have worked hard to accumulate what is now a substantial marital estate.

For a number of years, Theodore and Sharon farmed the land under an arrangement whereby Theodore's mother received one-half of the crop and Theodore and Sharon received one-half. In 1964, Sharon inherited $34,000, the interest on which was spent on family needs. In 1969, Theodore purchased the farm from his mother under a contract for deed for $31,500. The land was paid for with income generated by the parties in farming the land and with $13,466.09 that Theodore inherited upon his mother's death in 1976.

Of four children born of the marriage, one daughter is still a minor. Sharon was awarded custody of the minor daughter and Theodore has been required to pay child support.

As to the parties' property, the trial court made the following finding of fact:

"The parties own certain properties and owe marital debts. The court determines that the parties presently own real property and improvements thereon of a value of $330,000.00. They own equipment and machinery of a value of $26,-400.00; grain of a value of $20,000.00; livestock of a value of $23,000.00; goods and furnishings of a value of $3,600.00; capital equipment of a value of $2,300.00; shop equipment of a value of $7,200.00; guns and equipment of a value of $1,000.00; cash and other liquid securities in the name of Plaintiff in the sum of $34,000.00 and in the name of Defendant in the sum of $26,500.00; making a total property valuation of $474,000.00. The parties have a marital debt in the sum of $4,000.00 leaving a net property valuation of $470,000.00.... The assets, both real and personal, of the parties shall be divided equally."

Under the property distribution contained in the judgment, Sharon was allotted: (1) one-half of the mineral interests owned by the parties; (2) several items of personal property of relatively modest value; (3) "those assets presently in her name", which consist of the $34,000 she inherited in 1964; (4) a cash payment from Theodore of $40,000 within 120 days after entry of the judgment; and (5) annual payments from Theodore of $10,000 for 20 years with no interest on the unpaid balance. Theodore retained the rest of the parties' property and was required to assume the marital debts, pay child support, include the minor child in a medical insurance plan, and pay all medical expenses incurred on behalf of the minor child.

The only issues raised are whether or not the trial court erred in placing a higher value on the real property than was testified to at trial, and whether or not the property distribution is equitable.

Section 14–05–24, N.D.C.C., provides that "[w]hen a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, ..."

█ The trial court's determination on the matter of property distribution is treated as a finding of fact which will not be set aside on appeal unless it is clearly erroneous. *Jondahl v. Jondahl*, 344 N.W.2d 63 (N.D.1984). We also said in *Jondahl, supra*, 344 N.W.2d at 67:

"In order to make an equitable distribution, the trial court must first determine the net worth of the property owned by the parties. *Graves v. Graves*, 340 N.W.2d 903, 906 (N.D.1983). We have said that there is no requirement that the trial court place a value on the individual items making up the net worth of the parties; but when the trial court does act to set such values, as in the instant case, there should exist evidence in the record supporting the value placed upon the property. *Svetenko v. Svetenko*, 306 N.W.2d 607, 610 (N.D.1981)."

Our review of the record has left us with a definite and firm conviction that a mistake has been made as to the valuation of the parties' real property and improvements thereon, which the trial court valued at $330,000. We are unable to find any evidence to support that value.

The highest value placed on the parties' real property and improvements thereon by any witness at trial was $310,000. There is no evidentiary support for a valuation in excess of $310,000 and the trial court's finding of a value of $330,000 is, therefore, clearly erroneous. *Beck v. Lind,* 235 N.W.2d 239, 249 (N.D.1975). There being no evidence that the value of the property was more than $310,000, we ascribe that value to it. *See Gooselaw v. Gooselaw,* 320 N.W.2d 490, 491–492 (N.D. 1982).

Because the property distribution made by the trial court is based in part upon an erroneous valuation of the major asset of the parties, we remand to allow the trial court to make an initial determination on the basis of a correct valuation of the parties' property. Modification of the value ascribed to the parties' real property and improvements thereon by $20,000, which alone is not a substantial amount in an estate of this size, may require modification of all of the provisions relating to an equitable distribution of the property. *See Webber v. Webber,* 308 N.W.2d 548 (N.D. 1981). The determination of what is an equitable distribution lies within the discretion of the trial court. *Jondahl v. Jondahl,* 344 N.W.2d 63, 67 (N.D.1984). We therefore reverse that portion of the judgment relating to the property distribution and remand for a redetermination of the equitable distribution of the property.

Theodore has raised several other reasons why, in his view, the property disposition is neither equal nor equitable. He argues that: an equal distribution would have resulted in each party receiving $235,-000 but Sharon received $274,000;[1] he should have received credit for his $13,-

466.09 inheritance because Sharon was allowed to keep her $34,000 inheritance; he should not have to make payments for 20 years, by which time he will be 74 years old; and he cannot afford to pay $10,000 per year. We need not address these matters. "Questions, the answers to which are not necessary to the determination of the case, need not be considered." Syllabus 3, *Hospital Services, Inc. v. Brooks,* 229 N.W.2d 69 (N.D.1975). These arguments, which the transcript does not indicate were raised in the trial court and do not involve questions of law certain to arise on remand, and any others that the parties wish to assert, would be more appropriately addressed to the trial court upon remand. We note, however, that Theodore is not required to make payments for 20 years. He may pay the entire amount at any time. Also, Theodore has received property with a value of nearly $400,000, which if reduced to cash would yield an income of nearly $40,000 if invested at a return of 10% interest. Payments of $10,000 per year would not be unduly burdensome.

A property division need not be equal to be equitable. *Hoge v. Hoge,* 281 N.W.2d 557, 561 (N.D.1979). The trial court could conceivably on remand conclude that the distribution, although not equal, is equitable, and it would not be clearly erroneous. The question then reasonably arises—Why then remand for a redetermination of what is an equitable distribution? The answer is that it is not generally for the appellate court but is for the trial court to initially determine what is equitable.

Rather than remand for a redetermination, this Court has in other cases modified property distributions when the trial court made correct valuations of the marital

---

1. The property distribution is not clearly erroneous as to Theodore on the ground that he has asserted. Sharon has not received more than one-half of the value of the parties' property. Theodore has received property with a present value of nearly $400,000 while $200,000 of the money to be received by Sharon is payable in installments of $10,000 per year for a period of 20 years, without interest on the unpaid balance. The sum payable to Sharon has not been reduced to present value as required in *Pankow v. Pankow,* 347 N.W.2d 566 (N.D.1984) and *Tuff v. Tuff,* 333 N.W.2d 421 (N.D.1983). The property distribution does not appear to take into consideration that the value of the land awarded to Theodore may increase over the 20-year period while the buying power of Sharon's installments will decrease. *See Pankow, supra.* Because Sharon has not appealed, however, we need not address these matters at this time.

property and a majority of this Court were convinced, both that the trial court's property distribution was clearly erroneous, and what equitable distribution should be made. *See, e.g., Sanford v. Sanford,* 301 N.W.2d 118 (N.D.1981). We do not do so in this case, however, because, while we are convinced that the trial court's valuation of the parties' real property and improvements thereon is clearly erroneous, we are not convinced that the property distribution is therefore necessarily clearly erroneous. We are also not convinced precisely what equitable distribution should be made. We therefore remand to allow the trial court an opportunity to redetermine the matter of an equitable distribution in light of a correct valuation of the parties' property and arguments of the parties in relation thereto.

The judgment is affirmed in all respects except as to that portion of the judgment relating to the property distribution, which is reversed and remanded for a redetermination of an equitable distribution of the property.

VANDE WALLE, PEDERSON, GIERKE and SAND, JJ., concur.