William LAYMAN, Plaintiff and Appellant,

v.

BRAUNSCHWEIGISCHE MASCHINEN-BAUANSTALT, INC., a Corporation, and BMA Machinery and Equipment Corporation, a Corporation, Defendants and Appellees.

Civ. No. 10672.

Supreme Court of North Dakota.

Oct. 23, 1984.

As Amended Nov. 15, 1984.

---

McConn, Fisher & Thune, Grand Forks, for plaintiff and appellant; argued by Michael F. Daley, Grand Forks.

Nilles, Hansen, Magill & Davies, Fargo, for defendants and appellees; argued by Stephen W. Plambeck, Fargo.

Dosland, Dosland & Nordhougen, Moorhead, Minn., for N.D. Trial Lawyers Ass'n, amicus curiae; argued by J.P. Dosland, Moorhead, Minn.

Joseph F. Larson, II, Asst. Atty. Gen., Bismarck, for N.D. Workmen's Compensation Bureau.

GIERKE, Justice.

William Layman appeals from an amended judgment of the District Court of Cass County, dated March 16, 1984. On appeal, Layman asserts that the amended judgment does not comply with the mandate of this Court in *Layman v. Braunschweigische Maschinenbauanstalt,* 343 N.W.2d 334 (N.D.1983) (*Layman 1*). We agree. We reverse the amended judgment and remand with instructions to the district court.

In this case, Layman brought an action against Braunschweigische Maschinenbauanstalt, Inc. and BMA Machinery and Equipment Corporation (hereinafter referred to collectively as BMA), the designer of a sugar beet processing plant, to recover damages for personal injuries Layman received in a work-related accident at the plant. The facts which are relevant to this case have been adequately set forth by Chief Justice Erickstad in *Layman 1* and will not be repeated in this opinion.

In *Layman 1,* we upheld the trial court's finding that BMA was negligent and that its negligence was a proximate cause of Layman's injuries. Concluding that, under the doctrine of joint and several liability, BMA was liable to Layman for all damages incurred by him, we held that the trial court erred in reducing Layman's recovery against BMA by the percentage of negligence attributable to Layman's employer. We reversed and remanded for a modification of the judgment in accordance with the opinion.

On remand, the district court held further proceedings after which it entered an amended judgment awarding Layman damages against BMA reduced by the amount of workmen's compensation benefits received by Layman and barring the Workmen's Compensation Bureau from seeking subrogation. We hold that the district court's amended judgment does not comply with our mandate in *Layman 1.*

■ Chief Justice Erickstad, writing the majority opinion in *Layman 1,* stated in relevant part:

"As our previous decisions have indicated, a third-party tort-feasor has no statutory 'right' to contribution from a negligent employer immune from suit by operation of the exclusive remedy provisions of the workmen's compensation statutes. We conclude that any changes in the comparative negligence act or the exclusive remedy provisions and subrogation provisions of the workmen's compensation statutes are matters best left to our legislature. *See Gernand v. Ost Services, Inc., supra* [298 N.W.2d 500 (N.D.1980)]; *Sayler v. Holstrom, supra.*

"The trial court's reduction of Layman's damage recovery against BMA by the percentage of negligence attributable to Minn-Dak is contrary to the express language of Section 9–10–07, which retains the doctrine of joint and several liability. Therefore, we reverse the judgment of the trial court insofar as it awards Layman damages commensurate only to the negligence attributable to BMA.

"For the reasons stated in this opinion, we affirm the judgment in part, reverse the judgment in part, and remand this case for modification pursuant to this opinion." 343 N.W.2d at 350.

We believe the mandate of *Layman 1* was clear, particularly in light of the concurring and dissenting opinions filed therewith. The case was remanded to the district court for the sole purpose of entering an amended judgment. The district court's consideration of additional issues on remand was improper and in error. If we had intended that the trial court hold further proceedings to consider additional issues, we would have so provided. Likewise, if we had intended that the amended judgment include a reduced damage award against BMA or a bar to the Workmen's Compensation Bureau's rights to subrogation, we would have so provided. The concurring and dissenting opinions clearly addressed those issues, and the inescapable conclusion is that the approach subsequently utilized by the district court was considered and rejected by a majority of this Court.

We hereby reverse the amended judgment of the district court, dated March 16, 1984, and we remand this case for entry of judgment with instructions to the district court that judgment be entered in favor of Layman and against BMA in the amount of $71,851.37 plus costs and disbursements, together with interest as hereinafter set forth by this Court. The judgment shall not include language which would prohibit, or in any way limit, whatever rights to subrogation the Workmen's Compensation Bureau might have under Section 65–01–09, N.D.C.C.

■ Layman has requested this Court to award him interest on the entire damage award of $71,851.37 from February 25, 1984, the date by which Layman asserts the district court should have entered a correct amended judgment in his favor. Rule 37 of the North Dakota Rules of Appellate Procedure provides in relevant part:

"... If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the mandate shall contain instructions with respect to allowance of interest."

We conclude that the period between the entry of this Court's opinion in *Layman 1* and February 25, 1984, was a reasonable time within which the district court should have entered a correct amended judgment in accordance with this Court's mandate in *Layman 1*. Thus, by our authority under Rule 37, N.D.R.App.P., we instruct the district court to award to Layman, as part of the judgment, interest at the rate of 12 percent per annum on $71,851.37 from February 25, 1984.

ERICKSTAD, C.J., and PEDERSON and VANDE WALLE, JJ., concur.

VANDE WALLE, Justice, concurring specially.

I agree with the opinion authored by Justice Gierke. In *Layman v. Braunschweigische Maschinenbauanstalt*, 343 N.W.2d 334 (N.D.1983), I concurred specially in the majority opinion. I indicated that I preferred the alternative solution referred to in Justice Sand's opinion, in which he specially concurred and dissented, i.e., the denial of subrogation under Section 65–01–09, N.D.C.C., and a corresponding reduction in the judgment pursuant to Section 32–38–04(2), N.D.C.C. That solution is similar, if not identical, to the judgment entered by the trial court on remand of *Layman I*. I continue to prefer that solution. However, as I also recognized in my concurring opinion, that solution was discussed by this court in *Sayler v. Holstrom*, 239 N.W.2d 276 (N.D.1976), but rejected therein for the reason it is one that should be submitted to the Legislature for its consideration. I further noted that because the Legislature had not acted perhaps we should reconsider our decision in *Sayler*, but that neither the Bureau nor the employer were parties to the action and it would be unjust to adopt such a resolution without the opportunity for those parties to participate in the case. Thus there is no question in my mind that the approach taken by the trial court on remand was considered but rejected by a majority of this court in *Layman I*.

Because of my remarks about reconsidering our decision in *Sayler* and my observation that neither the Bureau nor the em-

ployer were parties to the action, BMA assumed that if they were parties I would not have concurred in the majority opinion in *Layman I.* BMA notes that the Bureau is, in fact, a party to the action because Layman's counsel actually represents the Bureau as a result of the Bureau's subrogation rights. See Sec. 65–01–09, N.D.C.C. Layman's counsel conceded at oral argument that he represented the Bureau as well as Layman. BMA therefore indicated to the trial court that had I not been confused as to the true state of the record I would not have concurred in the majority opinion. Although BMA is correct that counsel for Layman represents the Bureau as well as Layman, I am unwilling to concede that the Bureau represents the employer where, under a factual situation similar to the one before us, the judgment rendered by the district court on remand could adversely affect the premium rating of the employer with the Bureau. Presumably if the Bureau recovers through its right of subrogation the rating would not be affected but if it does not recover the rating would be affected. It appears to me that there is some conflict of interest between the Bureau and the employer in those instances. If we are to reverse *Sayler* all affected parties should be represented before the court prior to our embarking on such a radical departure from our past decisions.

SAND, Justice, dissenting.

I adhere to my dissent in *Layman v. Braunschweigische Maschinenbaunanstalt, Inc.,* No. 1, 343 N.W.2d 334 (N.D. 1983).