Patricia Ellen HEGGEN, Plaintiff, Appellant and Cross–Appellee,

v.

John Peter HEGGEN, Defendant, Appellee and Cross–Appellant.

Civ. No. 940357.

Supreme Court of North Dakota.

Jan. 5, 1996.

Robert W. Harms, Bismarck, for plaintiff, appellant, and cross-appellee. Appearance by Patricia Heggen.

Dennis E. Johnson of Johnson & Sundeen, Watford City, for defendant, appellee, and cross-appellant.

VANDE WALLE, Chief Justice.

Patricia Ellen Heggen has appealed from a July 20, 1994, second amended judgment awarding her, as her share of the marital property, $200,000 payable over 25 years. Because that length of time is too long, under the circumstances of this case, we reverse and remand for entry of an amended judgment.

John Peter Heggen and Patricia were married in 1965 and separated in 1987. The original divorce judgment of January 20, 1989, awarded Patricia spousal support of $600 per month, awarded John property with a net value of $79,081, and awarded Patricia property with a net value of $64,682. This court affirmed the spousal support, but reversed the property distribution and remanded for recalculation and redistribution of the marital estate. *Heggen v. Heggen,* 452 N.W.2d 96 (N.D.1990).

On remand, the trial court found that the assets awarded to John had a net value of $483,129 and those awarded to Patricia had a net value of $64,100. The court required John to pay Patricia $200,000 to redress the disparity in value of the assets awarded. The court's amended judgment of April 8, 1991, awarded Patricia $200,000, with interest at twelve percent per annum. On appeal, we concluded "that the trial court's action in forcing immediate payment of the monetary award to Patricia was an abuse of discretion." *Heggen v. Heggen,* 488 N.W.2d 627, 629 (N.D.1992). We noted that "[t]here are fairer alternatives," *id.,* at 630, and remanded to allow the trial court to "fashion an appropriate method of division that is fair to both spouses." *Id.,* at 630.

On remand, the district court entered a second amended judgment, which required John to pay Patricia $200,000, amortized over a period of 25 years, with interest at six percent from July 1, 1994, in equal principal payments of $8,000 plus interest on the unpaid balance beginning July 1, 1994, and each July 1st thereafter until paid in full. The second amended judgment also reduced Patricia's spousal support from $600 per month to $300 per month, effective July 1, 1994. Patricia appealed, contending that distribution to her of her share of the marital estate over a period of 25 years is clearly erroneous in view of the other marital assets, John's income, and the parties' financial positions. John cross-appealed, but raised no additional issues.

Section 14–05–24, N.D.C.C., requires a court granting a divorce to make an "equitable distribution of the real and per-

sonal property of the parties." "[C]ourts should avoid a property distribution which will destroy or damage the ability of one of the parties to earn a livelihood or which will destroy the value of the property." *Pankow v. Pankow*, 371 N.W.2d 153, 157 (N.D.1985). In distributing marital property, a court "should seek to disentangle the parties' financial affairs." 27B C.J.S., *Divorce* § 30, at 540 (1986). When a court grants a money judgment to achieve an equitable distribution, it "should set the term for payment of the cash judgment for as short a period as possible without imposing a serious hardship on the party responsible to pay the judgment." *Hanson v. Hanson*, 672 S.W.2d 274, 279 (Tex.App.1984).

■ John draws a salary of $36,000 per year from Heggen Equipment, Inc., which also pays John's present wife $7 per hour for forty hours per week. Heggen Equipment, Inc., supplies John with a vehicle and pays for its license, insurance and maintenance. John has received substantial farm income from the 600 acres he owns and the 800 acres he rents from his father. John began renting an additional 1000 acres of farmland in 1993 and recently started to buy farm equipment. John is no longer responsible for $15,000 per year in college expenses for his daughter Marn. John has achieved significant improvement in his equity in real estate since the divorce. Since he was first ordered to pay Patricia $200,000 in the amended judgment of April 8, 1991, John has paid nothing toward that obligation.

Patricia has received but a small part of the marital property due her, and none of the $200,000 due her. Patricia, who was approximately 46 years of age at the time of the divorce in 1989, would be approximately 76 years old before she received her total share of the marital property. Under these circumstances, allowing John to use nearly all of the marital estate to enhance his financial position, while Patricia is required to wait 25 years to receive her share of the marital estate, is clearly inequitable.

Although we believed an immediate payment of the total monetary award was an abuse of discretion, the other extreme, 25 years in which to make full payment, is equally wrong. From our review of the entire evidence, we are left with a definite and firm conviction that a mistake has been made in amortizing payment of Patricia's money judgment over a period of 25 years.

■ When we set aside a property distribution, we usually remand the matter to the trial court for redetermination. "We do not ordinarily act on division of property." *Volk v. Volk*, 404 N.W.2d 495, 498 (N.D.1987). But this is the third appeal in this divorce case, which has been proceeding for many years. "[D]ue to the length and nature of these proceedings and the need to bring an end to this litigation, in the interest of judicial economy we will redetermine the property division." *Id.*

Patricia was awarded $200,000 in the amended judgment of April 8, 1991. Interest at six percent from April 8, 1991, to July 1, 1994, on $200,000 is $38,760.[1] We add that interest to John's original principal obligation of $200,000, which creates a new principal obligation of $238,760 as of July 1, 1994. In light of John's financial circumstances, we believe that a period of fifteen years to pay that obligation should be sufficient and is fair to both parties. Thus, we order payment of $238,760 over fifteen years with interest at six percent per year in fifteen equal yearly payments each July 1 until fully paid. Such payments should not be unduly burdensome to John and the shorter amortization period is fairer to both parties. Because John has paid nothing toward satisfying the judgment awarded Patricia, the trial court will have to adjust the size of John's first payment to include interest and to make him current on the fifteen-year amortization schedule.

The judgment is reversed and the matter is remanded for entry of an amended judgment awarding Patricia $238,760, payable in equal yearly payments commencing July 1,

---

1. We could add this amount to John's first payment toward satisfying his $200,000 obligation. We choose, however, to add it to the principal amount and amortize it over time to reduce the impact of the initial payment.

1994, for a period of fifteen years from July 1, 1994, in accordance with this opinion.

SANDSTROM, MESCHKE, LEVINE and NEUMANN, JJ., concur.