Jeanette KOST, formerly known as Jeanette Schutt, Plaintiff and Appellant,

v.

Sebastian SCHUTT, Defendant and Appellee.

Civ. No. 11074.

Supreme Court of North Dakota

June 6, 1986.

Pulkrabek & Tuntland, for plaintiff and appellant; argued by Benjamin C. Pulkrabek.

Ella Van Berkom, Minot, for defendant and appellee.

GIERKE, Justice.

Two questions must be answered to resolve this appeal. The first question is the disposition of a motion to dismiss the appeal. The second question is whether or not the award of custody of the two minor children to the appellee is clearly erroneous.

Appellee, Sebastian Schutt, has filed a motion to dismiss the appeal. Schutt alleges that appellant, Jeanette Kost (formerly Jeanette Schutt) has accepted substantial benefits pursuant to the divorce judgment and, therefore, waives the right to appeal. The appeal was pending before this Court and was remanded for the limited purpose of resolving certain property distribution matters. Based on the decision of the trial court upon remand the appellant withdrew her appeal as to all issues except for the issue of child custody. Nevertheless, the appellee did not withdraw the motion to dismiss.

The general rule in North Dakota is that a party accepting substantial benefits pursuant to a divorce judgment waives the right of appeal. *Geier v. Geier*, 332 N.W.2d 261 (N.D.1983); *Sanford v. Sanford*, 295 N.W.2d 139 (N.D.1980). The general rule, however, applies only to property distribution and the acceptance of substantial amounts of property. The acceptance of these benefits precludes the appeal of those portions of the judgment dealing with property. We hold that the substantial benefits doctrine does not affect the issue of child custody. Therefore, we deny the motion to dismiss the appeal and next address the issue of child custody.

The second question is whether or not the award of custody of the two minor children to the appellee is clearly erroneous. We hold that it is not clearly erroneous and affirm the judgment of the trial court pursuant to Rule 35.1(a)(2) of the North Dakota Rules of Appellate Procedure.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.